UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER SCOTT WHITMORE,

      Plaintiff,

      v.                                        Case No. 26-CV-94

ZACH SCHROEDER and
WENDY MONFILS,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Christopher Scott Whitmore, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $79.31. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to the complaint, Plaintiff is a hearing-impaired individual incarcerated at Oshkosh Correctional Institution. Plaintiff uses the Tidal Wave tablet app to communicate. He told ADA Coordinator Zach Schroeder and ADA Compliance Manager Wendy Monfils that his tablet app was not working. He requested that his tablet be replaced with an eight-inch tablet. Ms. Monfils advised that the eight-inch tablets were only a temporary solution until the Tidal Wave app could be added to the state tablet. Plaintiff asserts that the state tablet screen is only three inches, so it is difficult to communicate with American Sign Language. He states that the state tablet has blurry or grainy images as well as a poor internet connection, so he is unable to communicate. Compl. at 5–6, Dkt. No. 1. Plaintiff requests an eight-inch tablet with video relay service and high-speed Wi-Fi to communicate. *Id.* at 8.

### ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff, a hearing-impaired individual, alleges that his Tidal Wave tablet app that he uses to communicate did not work and that he did not receive a new tablet that allows him to effectively communicate with American Sign Language.

As an initial matter, Plaintiff asserts that Defendants violated "Federal Communications Commission law." But the complaint contains no allegations from which the Court can infer that

3

Plaintiff states a claim against ADA Coordinator Zach Schroeder and ADA Compliance Manager Wendy Monfils on this basis.

Plaintiff asserts that Defendants violated the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) by refusing to accommodate his hearing impairment. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, Section 504 of the RA prohibits a "qualified individual with a disability" from being "excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination under any program or activity" as a result of his disability. 29 U.S.C. § 794(a). The relief available to Plaintiff under the ADA and RA is "coextensive." *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 671 (7th Cir. 2012) (comparing 29 U.S.C. § 794A with 42 U.S.C. § 12117). The analysis under both statutes is essentially the same, except that the RA includes an additional element that the relevant agency must accept federal funds. *Id.* (citations omitted). Because the standards under the ADA and RA are functionally identical, the Court considers both claims together, referring predominately to the RA.

To state a claim under the RA, Plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the agency denied him access to a program or activity because of his disability. *Id.* at 672 (citations omitted). Plaintiff's allegations are sufficient to state ADA and RA claims. However, these claims cannot proceed against the individual defendants. Individual employees of the Wisconsin Department of Corrections cannot be sued under the ADA or RA. *See id.* at 670. Instead, the proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *see also Jaros*, 684 F.3d at 670 n.2 (noting that individual capacity claims

4

are not available and that the proper defendant is the agency or its director (in his official capacity)). Accordingly, Plaintiff may proceed on ADA and RA claims against the Wisconsin Department of Corrections based on his allegations that it refused to accommodate his hearing impairment. The Clerk's Office will be directed to add the Wisconsin Department of Corrections as a defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim against ADA Coordinator Zach Schroeder and ADA Compliance Manager Wendy Monfils, so the Clerk's Office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that the Clerk's Office add the Wisconsin Department of Corrections as a defendant.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the Wisconsin Department of Corrections.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the Wisconsin Department of Corrections shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $270.69 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's

income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on February 3, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

7

Case 1:26-cv-00094-BBC    Filed 02/03/26    Page 7 of 7    Document 8