UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER SCOTT WHITMORE,

      Plaintiff,

      v.                                    Case No. 26-CV-94

WISCONSIN DEPARTMENT OF CORRECTIONS,

      Defendant.

---

## ORDER

---

Plaintiff Christopher Scott Whitmore is currently incarcerated at Oshkosh Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. On February 3, 2026, the Court screened Plaintiff's complaint and allowed Plaintiff to proceed on Americans with Disabilities Act and Rehabilitation Act claims against the Wisconsin Department of Corrections based on Plaintiff's allegations that the Wisconsin Department of Corrections refused to accommodate his hearing impairment. Dkt. No. 8. On May 12, 2026, Plaintiff filed a motion for summary judgment. Dkt. No. 20. Civil Local Rule 56(b)(1) describes the briefing requirements for motions for summary judgment. Along with the motion for summary judgment, the moving party must file a memorandum of law, a statement setting forth any material facts to which all parties have stipulated, a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and any affidavits, declarations, and other materials referred to in Federal Rule of Civil Procedure 56(c). Civil Local Rule 56(b)(9) warns, "Failure to comply with the requirements in this rule may result in sanctions up to and including the Court denying . . . the motion." Plaintiff's motion fails to

comply with the briefing requirements of Civil Local Rule 56(b)(1).  Therefore, the Court denies Plaintiff's motion for summary judgment without prejudice.

Plaintiff's motion is also premature.  Because discovery is still open, Defendant has not yet had a full opportunity to gather evidence to defend against Plaintiff's claims.  Plaintiff may refile his motion, in compliance with Civil Local Rule 56(b)(1), after discovery closes on September 21, 2026.  The Court reminds Plaintiff that he is not required to file a motion for summary judgment. Because the plaintiff has the burden of proof at trial, it is generally the defendant who moves for summary judgment on the ground that the plaintiff lacks evidence to meet that burden.  If Defendant files a motion for summary judgment, the case will survive and proceed to trial if Plaintiff is able to demonstrate in his response materials that there is a dispute of material fact.  If neither party files a motion for summary judgment by the October 20, 2026, dispositive motion deadline, the case will proceed to trial.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 20) is **DENIED**.

Dated at Green Bay, Wisconsin on May 18, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

2